H. M. GITTINGS, Appellant, v. ROBERT DUNCAN, Appellee.

**Appeal:** VERDICT UPON CONFLICTING EVIDENCE. The verdict of a jury rendered upon conflicting evidence is conclusive of the issue on appeal.

**Same:** REJECTED EVIDENCE: NECESSITY FOR OFFER OF PROOF. Error for the rejection of evidence cannot be urged on appeal, in the absence of anything in the record to show what the testimony of the witness would have been if received.

**Negotiable instruments:** INTOXICATION AS A DEFENSE: SUBMISSION OF ISSUE. Where defendant pleaded in defense to a suit on his note that he did not intend to execute the same, that it was procured by fraud and at a time when he was under the influence of liquor,

evidence that he had been drinking heavily on the day the note was executed was sufficient to take the issue tendered by the answer to the jury.

*Appeal from Boone District Court.*—HON. R. M. WRIGHT, Judge.

SATURDAY, MARCH 14, 1914.

ACTION at law upon a promissory note. Verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*F. W. Ganoe,* for appellant.

*D. G. Baker,* for appellee.

WEAVER, J.—The note in suit bears date May 1, 1910, and purports to be the promise of the defendant Duncan to pay to the order of M. V. Kimler one day after date the sum

1. APPEAL: ver-
dict upon con-
flicting evi-
dence.

of $1,000 with interest. The plaintiff alleges that said note was indorsed to him by the payee after maturity and that the same is due and wholly unpaid. For answer to plaintiff's claim, the defendant admits that he signed the paper sued upon, but denies that he is in any manner liable for the payment of the amount thereof. He alleges the fact to be that he and T. W. Kimler, the husband of the said M. V. Kimler, entered into a partnership for the purchase and operation of a liquor saloon at Albert Lea, Minn.; but because of the fact that said Kimler was indebted to a considerable extent he desired to occupy the relation of a secret or silent partner, and that he be known to the public as an employee in the business and not one of the proprietors. In pursuance of this agreement, defendant further alleges that Kimler did put into the business the sum of $1,000 against an equal or larger sum contributed by the defendant. Some two or three months later, according to defendant, Kimler asked him to execute some paper which would

show his rights in the business and property in the event of death or other casualty to either party, and, defendant consenting to do so, Kimler drew up a paper which he signed without reading, supposing it to be a simple acknowledgment of the facts with respect to the business and himself put it in the safe in the office of the saloon, where it could be procured should it be needed. He explains his failure to read the paper or to understand its real nature by the statement that he had that day drunk a large quantity of intoxicating liquor which had to some greater or less extent disabled him to understand or appreciate the nature of his act. He avers, however, and swears as a witness, that he never had any business dealings with M. V. Kimler, the payee named in the note, never gave her a note in any amount, and was never indebted to her in any sum. He assumes that the paper in suit was the one signed by him as above stated, but that he did not know or understand that he was giving a note and did not know that it contained the name of M. V. Kimler. He further alleges and testifies that he was in no manner indebted to T. W. Kimler and never undertook or promised to repay to him the money which Kimler had put into the business. On the part of plaintiff, Kimler testifies that, defendant desiring to borrow money, he (Kimler) obtained $1,000 from his wife and delivered it to defendant, and that the note in suit was given to evidence the indebtedness so contracted. He also says that defendant was then quite sober. Mrs. Kimler, the payee in the note, testifies that she gave the money to her husband to lend to defendant and that he afterward delivered the note to her. The claim of defendant that Kimler was a partner in the purchase and operation of the saloon finds material corroboration in the testimony of the person from whom the business was purchased. In other respects the truth of the controversy is to be found, if at all, from the conflicting testimony given by the defendant on the one hand and Kimler on the other. In short, the decisive issues of fact were peculiarly matters for the consideration of the jury. It follows that

the verdict returned upon the trial must be held conclusive and the judgment below sustained unless some prejudicial error appears in the record of the trial.

But one error is assigned upon matters of evidence. Referring to a time when defendant was making some return or report to the Internal Revenue Department, plaintiff's counsel asked the witness, "Do you know whether or not Robert Duncan made a sworn statement as to who owned that business at that time?" Answer to this question was excluded upon defendant's objection. It is a sufficient reason for overruling the assignment of error, upon the rejection of this evidence, that counsel did not in any manner state or reveal what he expected to show by the witness. For all that appears the witness might have answered that he did not know. To take advantage of such a ruling there should be some showing or offer of the matter to which the witness will testify if permitted.

2. SAME: rejected evidence: necessity for offer of proof.

It is further argued that the court erred in submitting the defense of intoxication to the jury because it is said there was no evidence on which the jury could find for defendant upon that issue. We are not prepared to so hold. Defendant does testify to having consumed a very large quantity of liquor on that day, and, while the effect upon him appears not to have been so great as to deprive him of his faculty of memory, we think the jury could well have found that his condition was such that he did not or could not know the real nature and effect of the paper he signed.

3. NEGOTIABLE INSTRUMENTS: intoxication as a defense: submission of issue.

Other objections made to the charge of the court are argumentative in character and raise questions which might properly be urged to the jury upon the submission of the case, but do not constitute grounds upon which the court was authorized to control the jury's action in the premises.

Counsel for plaintiff make a strong and plausible argument from the evidence that defendant's claim of intoxication

ought not to be sustained, and that his testimony as to the alleged partnership and concerning the real nature of the transaction in which the money was paid or invested is not worthy of belief; but, finding as we do that there was enough to carry these issues to the jury, the weight, value, and effect of the testimony were matters for the consideration of the triers of fact, and the court is not authorized to control their findings.

We have read the record with care and find no reason for ordering a new trial. The judgment of the district court is therefore affirmed. Costs in this court will be taxed to appellant except the cost of printing the so-called "Appellee's Explanation of Denial," which will be taxed to the appellee.— *Affirmed.*

LADD, C. J., and EVANS and PRESTON, JJ., concurring.